```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**DONALD R. KISER,**

      **Plaintiff**

**v.**                                          **Civil Action No.: 2:04-1214**

**J.D. FERRIS, and**
**MINGO COUNTY SHERIFF'S DEPARTMENT, and**
**MINGO COUNTY COMMISSION,**

      **Defendants**


### MEMORANDUM OPINION AND ORDER

Pending is plaintiff's appeal of the May 11, 2009, order entered by the United States Magistrate Judge denying his motion to recuse her from further participation in this civil action, filed May 22, 2009.

Respecting a nondispositive matter, such as plaintiff's motion to recuse, reversal by the district court is appropriate only if the magistrate judge's conclusion is "clearly erroneous or contrary to law."  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  The May 11, 2009, order adequately sets forth the basis of plaintiff's motion to recuse and the factual and procedural posture leading to it.  The court, accordingly, does not further recount those details.

In her May 11, 2009, order, the magistrate judge reproduced verbatim the grounds alleged by plaintiff to warrant her recusal.  The allegations essentially challenge the magistrate judge's rulings or omissions allegedly occurring during the April 19, 2007, detention hearing that she presided over during his criminal case.  The Supreme Court has observed, however, that "judicial rulings alone almost never constitute a valid basis for bias."  Liteky v. United States, 510 U.S. 540, 555 (1994).  Such rulings demonstrate bias only where they are derived from extrajudicial sources or where the judicial officer's remarks reveal a high degree of favoritism or antagonism.  Id.; see also Christo v. Padgett, 223 F.3d 1324, 1334 (11th Cir. 2000)("The mere fact of having presided over previous criminal or civil trials involving the same parties does not mandate recusal from all future litigation involving those parties."); Steering Comm. v. Mead Corp. (In re Corrugated Container Litig.), 614 F.2d 958, 964 (5th Cir. 1980); Jaffe v. Grant, 793 F.2d 1182, 1189 n. 4 (11th Cir. 1986) ("Factual knowledge gained during earlier participation in judicial proceedings involving the same party is not sufficient to require a judge's recusal.").

In his May 22, 2009, appeal, plaintiff cites additional putative bases justifying recusal. For example, he contends that the magistrate judge is biased inasmuch as she misidentified the temporal range of the drug conspiracy alleged against him in Count One of the indictment in his criminal case, namely, "from 'at least February, 2003, through early 2007[.]'" (Ord. at 3). That time frame was quoted directly from the April 17, 2007, indictment and not formulated independently by the magistrate judge. Neither this alleged basis for recusal nor the balance of the allegations found in the May 22, 2009, appeal warrant a finding that recusal is necessary under 28 U.S.C. § 455.

Plaintiff has failed to demonstrate that the May 11, 2009, order is either clearly erroneous or contrary to law. The court, accordingly, ORDERS that the order appealed from be, and it hereby is, affirmed.

The Clerk is directed to forward copies of this written opinion and order to the United States Magistrate Judge, all counsel of record and Donald R. Kiser, Register Number 08182-088, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Fort Dix, NJ, 08640.

DATED: June 16, 2009

John T. Copenhaver, Jr.
United States District Judge

3