```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                     AT CHARLESTON
```

DONALD R. KISER,

       Plaintiff,

v.                                                Civil Action No. 2:04-1214

J.D. FERRIS, in his
individual and official
capacity as a Sheriff's
deputy for the County of
Mingo, and MINGO COUNTY SHERIFF'S
DEPARTMENT,

       Defendants.


### MEMORANDUM OPINION AND ORDER

Pending are the motions for summary judgment of the Mingo County Sheriff's Department and J. D. Ferris filed July 13, 2010.

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who has submitted her Proposed Findings and Recommendations ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The magistrate judge's PF&R was entered on October 26, 2010. On November 10, 2010, plaintiff Donald R. Kiser filed objections to the PF&R. On November 17 and 19, 2010, respectively, the Mingo County Sheriff's Department and J.D. Ferris responded to the objections.

Kiser's principal objection relates to the magistrate judge's decision not to appoint counsel for him.  On May 11, 2009, and at various times thereafter, the magistrate judge analyzed Kiser's request for counsel according to the legal standards governing such a request.  As noted by the magistrate judge, there is no obligation to appoint counsel to represent a <u>pro</u> <u>se</u> plaintiff.  The circumstances of this case, which involve an articulate plaintiff who attained an advanced medical degree, are not the type warranting appointed counsel.  The analyses undertaken by the magistrate judge are neither clearly erroneous nor contrary to law.

Kiser also contends that he was not permitted to conduct "appropriate discovery."  (Objecs. at 1).  The court file, however, contains a July 13, 2009, letter from Kiser complaining that he lacked space to store the four boxes of documents sent to him by the retained lawyer who formerly represented him in this litigation.[1]  Additionally, he identifies

---

[1] Near the end of his objections, Kiser asserts that he was not permitted to access these documents at his place of incarceration.  It appears from other filings in the case that the facility lacked space to store the materials.  He notes that they were ultimately sent to his mother's home as a result.  Kiser does not explain why, over the many months since the documents were sent to his prison and then his mother, he did not request that they be sent back to him in smaller increments by her on a rolling basis so that he might review and use them if he so desired.  The objection is meritless.

no discovery that he sought in the case that was not produced or any remaining discovery that he would like to take. For example, he notes that he "had previously brought to the court's attention the fact that several members of the Mingo County Sheriff Department (MCSD) expressed to . . . [him] that J.D. Ferris and the MCSD had retaliatory motives." (Id.)  He does not identify any of these individuals nor does he seek to depose them.[2]

Based upon a de novo review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation.  It is ORDERED as follows:

1. That the motions for summary judgment of the Mingo County Sheriff's Department and J. D. Ferris be, and they hereby are, granted; and

---

[2]This same lack of specificity infects Kiser's additional objection relating to Counts Five and Six.  In attempting to prove those claims for municipal and supervisory liability, he asserts that "it appears from the disciplinary records that were given to me that there are more than a 'small number of employees' who have committed irregularities in their capacities with the MCSD."  (Objecs. at 3).  This imprecise contention, of course, lacks any probative force.  It does demonstrate, however, that Kiser, despite his protestation to the contrary, has had occasion to review at least some discovery in the case.

2. That this civil action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to counsel of record, the pro se plaintiff, and the United States Magistrate Judge.

DATED: December 6, 2010

_____
John T. Copenhaver, Jr.
United States District Judge

4